John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
**CARPENTER & ZUCKERMAN**
8827 W. Olympic Boulevard
Beverly Hills, California 90211
Telephone: 310-507-7924
Facsimile: 310-507-7906
*kristensen@cz.law*
*jmartinez@cz.law*

BENNITTA J. JOSEPH
(*Pro Hac Vice Pending*)
**JOSEPH & NORINSBERG, LLC**
110 East 59th Street, Suite 3200
New York, New York 10022
Telephone: 212-227-5700
Facsimile: 212-656-1889
*Bennitta@kristensenlaw.com*

*Attorneys for Plaintiff*

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| AMANDA TILL, an individual, | ) Case No.  21-cv-2117 |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| vs. | ) |
| | ) **1. Discrimination Based on Gender, 42 U.S.C. § 2000;** |
| JUSTUS ENTERPRISES, INC. dba | ) |
| BUSINESS COMPLETE | ) **2. Sexual Harassment, 42 U.S.C. § 2000E;** |
| SOLUTIONS, a California Corp., | ) |
| KEITH JUSTUS, an individual; and | ) **3. Illegal Retaliation, 42 U.S.C. § 2000e;** |
| CLARA JUSTUS, an individual, | ) |
| | ) **4. Wrongful Termination, 42 U.S.C. § 2000E;** |
| Defendants. | ) |
| | ) **5. Sexual Harassment in Violation of FEHA, Cal. *Gov't. Code* §§ 12940, *et seq*.;** |
| | ) |
| | ) **6. Failure to Take Reasonable Steps to Prevent and Correct Unlawful Discrimination, Harassment and** |
| | ) |

)   **Retaliation, Cal.** *Gov't. Code* **§§**
)   **12940(j) and (k);**
)   **7. Unlawful Retaliatory Discharge in**
)   **Violation of Cal.** *Gov't. Code* **§**
)   **12940(h);**
)   **8. Intentional Infliction of Emotional**
)   **Distress;**
)   **9. Assault;**
)   **10. Battery;**
)   **11. Failure to Provide Itemized Wage**
)   **Statements in Violation of** *Lab Code*
)   **§ 226; and**
)   **12. Unfair Competition in Violation of**
)   **Cal.** *Bus. & Prof. Code* **§§ 17200,** *et*
)   *seq.*
)
)   **DEMAND FOR JURY TRIAL**

Plaintiff TILL ("Plaintiff" or "Till"), for the complaint against Defendants, JUSTUS ENTERPRISES, INC. d/b/a BUSINESS COMPLETE SOLUTIONS ("BCS"), KEITH JUSTUS ("JUSTUS" or "Keith JUSTUS"), CLARA JUSTUS, ("C. JUSTUS" or "Clara JUSTUS"), collectively referred to as "Defendants," alleges as follows:

## I. PRELIMINARY STATEMENT

1.      This case arises from egregious acts of sexual harassment and retaliation.  Defendants Keith JUSTUS and Clara JUSTUS, demonstrated a perverse sense of entitlement, when they disclosed their ***"open marriage"*** to Plaintiff --- who at the time was their employee --- and invited her to participate in their "open marriage" and engage in a threesome.

2.      Additionally, in the months leading up to Defendants' outrageous invitation, Defendant JUSTUS, on multiple occasions subjected Plaintiff to blatant acts of sexual harassment, by making sexual comments about Plaintiff's body, such as: "***If I were your husband, I would not let you leave the room,***"

and "*I like that skirt, I would like it more if were shorter.*"  Moreover, JUSTUS would also liberally grope Plaintiff's breast, buttocks, waist and hips as if she were his property.

3.     Shortly into Plaintiff's tenure, JUSTUS, believing he now deserved exclusive time with the Plaintiff, sent her sexually charged text messages where he proposed spending time alone with the Plaintiff in his apartment.  Further, on another occasion and even more shockingly, JUSTUS proposed that he and his wife C. JUSTUS, meet up with the Plaintiff, so that Plaintiff would engage with them as some sort of sister wife, and the three of them could "*have fun 4 sure.*"

4.     In response to Plaintiff rejecting Defendants shameless sexual advances, Defendants first attempted to demote Plaintiff, to force her to tender her resignation.  When that failed and Plaintiff escalated her complaint to Defendants', Chief Information Officer, since there was no formal Human Resource Department, Defendants unlawfully terminated Plaintiff's employment in retaliation to her engaging in protected activity.

5.     After being subjected to a textbook case of sexual harassment and illegal retaliation for opposing Defendants' unlawful sexual advances, Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC then conducted a lengthy and thorough investigation, and found there was reasonable cause to substantiate that Defendants had subjected Plaintiff to: "*Unwelcome comments and conduct of a sexual nature*, as well as a: "*Discharge in retaliation for protesting sexual harassment…*"[1]

6.     What is more, the EEOC further determined that reasonable cause existed to believe "*that a class of similarly situated individuals*" working in Defendants Huntington Beach Location had also been: "*subjected to discrimination on the basis of their sex…. from March 2017 to present.*"

---

[1] See a Copy of the EEOC's Determination annexed hereto as Exhibit "A."

7.     Defendants reckless and unconscionable actions were fueled in part, by their misguided belief that by improperly classifying plaintiff as an independent contractor they could shield themselves from civil liability. Clearly, as set forth below, Defendants were at all times Plaintiff's employer and as such must be held accountable for their flagrant and intentional violations of the Plaintiff's Civil Rights.

## II.    VENUE AND JURISDICTION

8.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 as Plaintiff's claims arise under the 28 U.SC. § 1331. Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

9.     Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Plaintiff worked at Defendants' office in Huntington Beach, California.

10.     Plaintiff has satisfied all conditions precedent, if any, to the filing of this suit.

## III.    EXHAUSTION OF ADMINISTRATIVE PROCEDURES

11.     Plaintiff timely filed with the EEOC formal charges of discrimination, harassment and reprisal against Defendants. Plaintiff requested a final agency decision, which was issued on September 28, 2021.

12.     Plaintiff duly exhausted all FEHA administrative remedies by filing a complaint with the Department of Fair Housing and obtaining a Right to Sue Notice.

## IV.    PARTIES

13.     Plaintiff Amanda Till is an adult female. At all times mentioned herein, Plaintiff Till resided in Orange County, California, and was an employee of Defendants.

14.     Defendant JUSTUS ENTERPRISES, INC. dba BUSINESS

CARPENTER & ZUCKERMAN

CZ

COMPLETE SOLUTIONS ("Defendant" or "BCS") is a California corporation with its principal place of business located at 13750 Danielson Street, Poway, California 92604 and a secondary office at 5445 Oceanus Drive, Suite 105, Huntington Beach, California. At all relevant times, BCS was the employer of Plaintiff. Keith Justus if the registered agent for service of process. BCS also uses the dba Business Copier Solutions.

15.     At all times material to this complaint, BCS was an "employer" within the meaning of Cal. *Gov't Code* §§ 12926(d) and 12940 (j)(4)(A) and, with more than fifteen (15) employees, as such, was and is barred from harassing employees on the basis of sex or retaliating against employees for having made complaints or protesting against harassment on the basis of gender, as set forth in Cal. *Gov't Code* § 12940, *et seq.*

16.     Defendant, KEITH JUSTUS is an adult male who was at all times material to this complaint, the CEO of BCS. KEITH JUSTUS resides in California.

17.     Defendant, CLARA JUSTUS is an adult male who was at all times material to this complaint, the Vice President of BCS. CLARA JUSTUS resides in California.

18.     Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

19.     Plaintiff is informed and believes that, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all

CARPENTER & ZUCKERMAN

CZ

respects, acted as employer and/or joint employers of Plaintiff in that each of them exercised control over her wage payments and control over her duties.

20.    Plaintiff is informed and believes that, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture and employment.

21.    At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## V.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

22.    Defendant JUSTUS, as the CEO of BCS, was at all times the supervisor of Plaintiff and as such, controlled all aspects of Plaintiff's employment, including but not limited to, directing Plaintiff's daily work activities and to engage in other employment actions affecting her such, as decisions to hire and/or fire, promote, reward or discipline her.

23.    In doing the acts complained of herein, Defendant JUSTUS acted individually and as an employee, supervisor and managing agent of BCS, and thus, Defendants are liable for JUSTUS' acts of unlawful harassment, discrimination and retaliation.

24.    Defendant JUSTUS is personally liable for his acts of unlawful harassment, discrimination and retaliation pursuant to *Cal. Gov't. Code* § 12940(j)(3).

25.    Defendant, C. JUSTUS was at all relevant times the Vice-President of BCS, and as such, exercised supervisory authority over the Plaintiff and controlled all aspects of her employment, including but not limited to, the responsibility to direct her daily work activities and to engage in other

employment actions affecting her such as decisions to hire and/or fire, promote, reward or discipline her.

26.     In doing the acts complained of herein, Defendant C. JUSTUS acted individually and as an employee, supervisor and managing agent of BCS, and thus, Defendants are liable for C. JUSTUS' acts of unlawful harassment, discrimination and retaliation.

27.     Defendant C. JUSTUS is personally liable for her acts of unlawful harassment pursuant to *Cal. Gov't. Code* §12940(j)(3).

28.     At all times herein mentioned, Defendants knew or should have known about JUSTUS' acts of and propensity to commit acts of sexual harassment and retaliation and failed to take immediate and appropriate corrective action.

29.     At all times herein mentioned, Defendants knew or should have known about C. JUSTUS' acts of and propensity to commit acts of sexual harassment, and failed to take immediate and appropriate corrective action.

30.     Within the time provided by law, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission and California Department of Fair Employment and Housing ("DFEH").  Plaintiff obtained right to sue letter from the EEOC on September 28, 2021, and DFEH and has therefore exhausted their administrative remedies prior to filing suit.  Plaintiff then filed this lawsuit within 90 days of being issued of being issued her right to sue letter firm the EEOC.

31.     As further discussed below, prior to issuing Plaintiff her right to sue letter, the EEOC determined that reasonable cause existed to substantiate that Defendants had subjected Plaintiff to: "***Unwelcome comments and conduct of a sexual nature***, and had subjected Plaintiff to ***"Discharge in retaliation for***

*protesting sexual harassment…"*[2]

32.     The EEOC further determined that reasonable cause existed to believe "*that a class of similarly situated individuals*" working in Defendants Huntington Beach Location had also been: "*subjected to discrimination on the basis of their sex…. from March 2017 to present.*"

A.     FACTUAL ALLEGATIONS

i.  <u>BCS Background and Introduction to Plaintiff</u>

33.     BCS is a technology company that handles office equipment, IT services and Cloud Storage Solutions.

34.     BCS is one of Southern California's largest supplier of office equipment serving over 1800 customers in the nearly two decades BCS has been in operation.

35.     BCS typically generates over 6 million dollars in gross annual revenue.

36.     In or around January of 2017, Defendants began talks with Plaintiff regarding her taking over the role of Vice-President of BCS' sales department.

37.     After multiple discussions, Defendants asked Plaintiff to work with them on a consulting basis to determine whether she would be a good fit for the Vice President of Sales position.

ii.  <u>JUSTUS Brazenly Subjects Plaintiff to Inappropriate Sexual Advances</u>

38.     In or around February of 2017, JUSTUS invited Plaintiff to an office hockey game where Defendants' premier clients would also be in attendance. JUSTUS informed Plaintiff that they would be seated in a private booth, where he would have the opportunity to introduce her to his clients, and Plaintiff readily accepted.

---

[2] See a Copy of the EEOC's Determination annexed hereto as Exhibit "A."

39.     During the game, Defendants' clients responded favorably to Plaintiff, and expressed their enthusiasm for Plaintiff taking on a more permanent role within Defendants' organization.

40.     While JUSTUS was introducing Plaintiff to clients, he began inappropriately touching Plaintiff's waist and lower back.  Plaintiff was shocked by this behavior but said nothing out loud, as she did not want to embarrass her new boss or create a scene in front of Defendants' clients.

41.     Apparently emboldened by Plaintiff's silence, later that same evening, JUSTUS leaned in to hug Plaintiff, but instead of hugging her, he suddenly grabbed her breasts.

42.     Although Plaintiff immediately pulled back and was visibly upset, JUSTUS felt confident in the fact that Plaintiff had just started working for him and would tolerate his inappropriate behavior, for fear of losing her employment opportunity.  And unfortunately, for a time, JUSTUS was right.

### iii.     **Defendants Extend a Formal Offer of Employment to Plaintiff, which JUSTUS Leverages to Escalate His Sexual Advances**

43.     In March of 2017, shortly, after the hockey game Defendants extended Plaintiff a formal offer of employment as Vice-President of Sales, which Plaintiff accepted.

44.     As Vice-President of sales, Defendants tasked Plaintiff with the responsibilities of directing and overseeing Defendants' sales team, maintaining and developing client relationships, as well as creating new strategies to increase BCS' overall sales.

45.     As part of Plaintiff's compensation package, she would receive a base salary and benefits, but the lion's share of her compensation was derived from the commissions she would earn based on BCS' gross sales revenue.

46.     As noted above, Defendants had two primary offices. The "San

Diego office" and the "Huntington office."

47.     During Plaintiff's tenure, Defendants assigned Plaintiff to work primarily in the Huntington office, but Plaintiff would often come to the San Diego office as well, at the Defendants' request and/or to perform other functions critical to her role as Vice President of Sales.

48.     Shortly after JUSTUS formally hired Plaintiff, he escalated his acts of improper sexual advances.  On occasions when he found himself alone with Plaintiff, he would make comments about her body, examples of which include: ***"You have a hot body" "You are looking sexy today girl" "I like that skirt. I would like it more if it were shorter" and "If I were your husband, I wouldn't let you leave the room."***

49.     JUSTUS would also place his hand around Plaintiff's waist and slap her buttocks.

50.     JUSTUS enjoyed watching Plaintiff flinch and appear uncomfortable when he touched her and nervously change the subject when he would say something inappropriate.

### iv.   <u>Keith JUSTUS and Clara JUSTUS Disclose Their Open Sex Life to Plaintiff and Invite Her to Join Them for a Threesome</u>

51.     Further, emboldened by the power he had over Plaintiff' in his role as CEO, JUSTUS pushed the envelope yet again, and began sending Plaintiff inappropriate text messaged laced with sexual innuendos and invitations.

52.      For example, in or around March of 2017, JUSTUS sent Plaintiff a text message asking for a private meeting in his apartment.  Plaintiff refused to meet JUSTUS privately and used her need to prepare for an upcoming event as an excuse.

53.     Apparently undeterred, JUSTUS next suggested that they meet the following day. However, Plaintiff declined this invitation, and made it clear that

1    she was not interested in any type of private meeting.   Instead, Plaintiff

2    suggested that they simply meet together at the upcoming event.

3         54.    On yet another occasion, JUSTUS texted Plaintiff and asked her

4    what she was doing for the weekend.  In response to Plaintiff describing her

5    plans, JUSTUS texted the following: "***Wished we were up there we could***

6    ***party…. I like I can be your husband and Clara can be your wife…. She loves***

7    ***you…we could have some fun 4 sure.***" [3]

8         55.    Despite Plaintiff <u>in no way encouraging</u> JUSTUS' outrageous

9    suggestion that she should come "party" with JUSTUS and C. JUSTUS, where

10   they could "have some fun 4 sure," JUSTUS and C. JUSTUS orchestrated a

11   private weekend with Plaintiff, to see if they could indeed have some group fun

12   with her.

13        56.    In April 2017, C. JUSTUS drove down with Plaintiff from the

14   Huntington office to the San Diego office for work.  C. JUSTUS instructed

15   Plaintiff not to get a hotel, because she and JUSTUS had a guest room at their

16   residence where Plaintiff could stay.

17        57.    C. JUSTUS ignored the reservations Plaintiff expressed about

18   staying at the JUSTUS' personal residence and not getting a hotel, and insisted

19   that it not would be a problem.

20        58.    Upon arriving at the JUSTUS' home, Defendants showed Plaintiff

21   the guest room, and invited her to come hang out with them after she had

22   freshened up.

23        59.    Later that evening, while discussing business initiatives for the

24   company, the JUSTUSES steered the conversation to their sex life.  Both

25   JUSTUSES confided in Plaintiff that they enjoyed sleeping with other people,

26   and asked if she would be interested in having some fun with them.  Both

27

28   [3] See a copy of both text chains annexed hereto as Exhibit "B"

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL
**– 11 –**

JUSTUSES seemed oblivious as the Plaintiff became visibly uncomfortable and then pivoted to another subject, before excusing herself for the evening and retiring to the guest bedroom.

60.     Refusing to take the hint, the JUSTUSES repeatedly knocked on the door of the guest bedroom that evening, to see if Plaintiff was "OK" and inquire about whether she wanted to still "hang out."  Needless, to say Plaintiff remained in her room for the rest of the evening.

61.     The following morning both JUSTUSES behaved as if they had never engaged in their outrageous conduct the night before, but the tension between both JUSTUSES and Plaintiff was palpable.

**v.   Defendants Respond to Plaintiff Declining Their Sexual Invitations by Unlawfully Retaliating Against Her and Ultimately Terminating Her Employment**

62.     Over time, instead of backing down, JUSTUS chose to continue with his unlawful behavior of inappropriate sexual comments and touching.

63.     By way of example, shortly after the JUSTUSES tried to lure Plaintiff into a threesome, JUSTUS visited the Huntington office where primarily Plaintiff worked.  While at the Huntington office, JUSTUS slapped Plaintiff on her buttocks as he was walking up the stairs behind the Plaintiff and said, ***"It Looks like someone is working out."***  To his surprise on this occasion, Plaintiff quickly turned around and told him. ***"It's not ok for you to do that."***

64.     In April of 2017, shortly thereafter, and in direct response to Plaintiff's verbal admonishment of his behavior, JUSTUS used his authority as CEO and attempted to demote Plaintiff from Vice President of Sales in charge of the Huntington and San Diego office, to a Branch Manager, solely in charge of the Huntington Beach office.

65.     Further, JUSTUS also attempted to reduce Plaintiff's base salary in excess of forty percent.  JUSTUS even gave Plaintiff a revised offer letter that

1    documented the details of Plaintiff's proposed illegal demotion and significant

2    salary reduction.

3         66.    When Plaintiff refused to sign, JUSTUS, realizing that Plaintiff's

4    arbitrary and warrantless demotion would appear suspect, reversed his decision to

5    demote Plaintiff and reduce her salary, and he pivoted to a more indirect

6    approach.

7         67.    Aware that, his behavior had clearly struck a nerve with Plaintiff,

8    JUSTUS ramped up his offensive conduct and became even more hostile towards

9    her, in an effort to force Plaintiff to tender her resignation.

10        68.    As JUSTUS' behavior intensified, since Defendants had no official

11   HR department, in early May of 2017, Plaintiff met with Defendants' Chief

12   Information Officer David Davis ("Davis") at a restaurant to complain about

13   JUSTUS' conduct.

14        69.    During this meeting, Plaintiff described to Davis how JUSTUS had

15   been repeatedly touching her inappropriately and making lewd comments

16   towards her.  Plaintiff went on to inform Davis that when she strenuously

17   objected to JUSTUS' behavior, JUSTUS attempted to demote her and reduce her

18   salary.

19        70.    Davis expressed that he was not at all surprised and even remarked

20   that, "he could see it." Although Davis told Plaintiff that he would talk to

21   JUSTUS, there was no change in JUSTUS' behavior following Plaintiff's

22   meeting with Davis.

23        71.    Shortly thereafter, JUSTUS, while at the Huntington office, met

24   with Plaintiff.  During the meeting Plaintiff expressed in detail how

25   uncomfortable she was with his sexual advances and sexually charged comments.

26        72.    In response, JUSTUS simply told Plaintiff: "If you don't like it, you

27   don't have to be here."

28        73.    JUSTUS then illegally terminated Plaintiff's employment as a direct

consequence of her asserting her civil rights and objecting to his sexual advances.

74.    In response to Plaintiff's inquiry as to why she was being terminated, JUSTUS responded in sum and substance, it was because she was unhappy with the way he conducted himself around her.  Incredibly, JUSTUS admitted that his decision to terminate the Plaintiff was motivated by her rejection of his unlawful and lurid sexual advances.

      **vi.**  **EEOC Conducts a Lengthy Investigation of Defendants and Determines Probable Cause Exists That Plaintiff was Sexually Harassed and Wrongfully Terminated**

75.    On or about December 26, 2017, Plaintiff filed a Charge with the EEOC, alleging that Defendants had discriminated against her based on her gender. Specifically, Plaintiff alleged that JUSTUS had made inappropriate sexual advances toward her in the nature of sending her sexually suggestive text messages, communicating offensive sexual innuendos and comments about plaintiff's body, as well as engaging in inappropriate sexual groping of Plaintiff's back, breasts and waist and on several occasions slapping Plaintiff on her buttocks.[4]

76.    Plaintiff also alleged in her Charge that she believed other women had been discriminated based on their gender and had also been subjected to JUSTUS' unlawful sexual advances.

77.    After receiving the Plaintiff's initial Charge, the EEOC then gave Defendants an opportunity to respond.

78.    Defendants provided a lengthy response in which they denied each and every allegation. Further, JUSTUS, C. JUSTUS and a handful of employees, attempted to discredit the Plaintiff.

79.    The EEOC then conducted an independent investigation which

---

[4] See a Copy of Plaintiff's EEOC Charge annexed hereto as Exhibit "C"

included but was not limited to: (i) Requesting information from Defendants regarding their business practices and policies around preventing sexual harassment, avenues for reporting sexual harassment and training; (ii) Conducting on-site interviews of approximately a dozen of Defendants' employees; and (iii) Conducting onsite inspections of Defendants' internal documents.

80.   Amongst those interviewed was Defendants' general counsel, who admitted that Defendants had no functioning HR department and that all employee complaints were handled by JUSTUS and C. JUSTUS.

81.   Further, the EEOC, also interviewed a former employee who admitted JUSTUS had made inappropriate comments to her of a sexual nature, had frequently suggested that she dressed too conservatively, and had even offered to purchase her more proactive clothing on the condition that she would model the clothes for him.  And on at least one occasion at an office outing, JUSTUS had repeatedly asked her to remove her sweater, because he felt she was "overdressed."  When the employee kept refusing to remove her sweater, JUSTUS took it upon himself to physically remove the sweater from said employee, as C. JUSTUS looked on and laughed.

82.   As a direct result of EEOC's independent investigation, the EEOC determined, reasonable cause existed to believe Defendants had subjected Plaintiff to: **"*Unwelcome comments and conduct of a sexual nature*"**, and had subjected Plaintiff to **"*Discharge in retaliation for protesting sexual harassment…*"**[5]

83.   The EEOC further determined that reasonable cause existed to believe "***that a class of similarly situated individuals***" working in Defendants Huntington Beach Location had also been: **"*subjected to discrimination on the*

---

[5] See a Copy of the EEOC's Determination annexed hereto as Exhibit "A."

CARPENTER & ZUCKERMAN

*basis of their sex…. from March 2017 to present."*

84.    The EEOC issued its determination on June 17, 2021.

### vii.    Defendants Unlawfully Attempted to Shield Themselves from Civil and Tax Liability by Illegally Misclassifying Plaintiff as an Independent Contractor

85.    Despite the fact that Defendants at all times, treated Plaintiff as an employee, Defendants illegally misclassified Plaintiff as an "Independent Contractor," in a misguided and unlawful attempt to shield themselves from civil and tax liabilities.

86.    At all times during Plaintiff's employment Defendants paid Plaintiff a specific salary and commission rate.

87.    At all times during Plaintiff's employment Defendants controlled the work Plaintiff performed as well as her working conditions.

88.    Moreover, Defendants had Plaintiff sign an agreement which identified her as an "at-will employee" where the company had a right to "modify the terms and conditions of her employment.[6]

89.    An inquiry into whether a plaintiff is an employee is not governed by the "label" put on the relationship by the parties or the contract controlling that relationship, but rather focuses on whether "the work done, in its essence, follows the usual path of an employee." Rutherford Food v. McComb, 331 U.S. 722, 729, (1947)

90.    "[P]utting on an 'independent contractor' label does not take the worker from the protection of the Act." *Id.*; *see also* Usery v. Pilgrim Equip. Co., 527 F.2d 1308, 1312 (5th Cir.1976)

91.    The economic realities test exists because a putative employer's labels are not controlling (or even persuasive). Hurst v. Youngleson, 354

---

[6] See Signature page of employee handbook which Defendants required Plaintiff to sign annexed hereto as Exhibit "D."

F.Supp.3d 1362, fn. 7 (N.D. GA, 2019)

92.     Defendants' treatment of Plaintiff, as well as Defendants internal documents establish that Plaintiff was at all times their employee.  Consequently, Defendants willful misclassification of Plaintiff violates California state law and as such Defendants are subject to additional fines and penalties for, inter alia, failing to provide accurate wage statements, failing to make the appropriate wage deductions and failing to pay payroll taxes.

93.     As a direct consequence of the Defendants' illegal conduct, as set forth in the above allegations, Plaintiff has suffered severe emotional distress in the form of embarrassment, humiliation, mental anguish, emotional, depression anxiety, and physical distress, as well as significant economic damages, ongoing and continuing to accrue.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### DISCRIMINATION BASED ON GENDER IN VIOLATION OF
#### 42 U.S.C. § 2000, ET SEQ.

#### (By Plaintiff Against Defendant Justus Enterprises, Inc.)

94.     Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-93 as though fully set forth herein.

95.     Plaintiff is a former employee within the meaning of Title VII and belongs to a Class protected under the act, namely, sex (female). (See 42 U.S.C § 2000e -2).

96.     Defendant JUSTUS Enterprises, Inc. is a former employer within the meaning of Title VII (42 U.S.C § 2000e-1(a)).

97.     Defendants JUSTUS and C. JUSTUS were Plaintiff's direct supervisors, employed by Defendant JUSTUS Enterprises, Inc. and were acting in the scope and course of their employment.

98.     Defendants intentionally discriminated against Plaintiff because of

her female gender in violation of Title VII, which caused a hostile environment based on sexual harassment.

99.   Plaintiff, was subjected to ongoing Sexual Harassment and harassment from her Supervisors, JUSTUS and C. JUSTUS such as: sexually suggestive text messages, communicating offensive sexual innuendos and comments about plaintiff's body, as well as engaging in inappropriate sexual groping of Plaintiff's back, breasts and waist and on several occasions slapping Plaintiff on her buttocks and suggesting that Plaintiff engage in a threesome, all of which contributed to a hostile work environment.

100.   Shortly after Plaintiff engaged in protected activity, Defendants informed Plaintiff that she was being demoted and her pay was significantly reduced.

101.   At all times herein, Plaintiff's job performance and reviews exceeded performance standards and similarly situated co-workers were treated differently because of gender.

102.   As a direct and proximate result of the discrimination based on her gender, Plaintiff has been damaged, including severe emotional distress, substantial economic losses, employee benefits and attorneys' fees in amount to be proven at trial.

103.   The acts alleged were done intentionally with a wanton disregard for the safety and well-being of the plaintiff, warranting an award of punitive damages.

## SECOND CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000E

### (By Plaintiff Against All Defendants)

104.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-103 as though fully set forth herein.

105.   Plaintiff is a former employee within the meaning of Title VII and

belongs to a Class protected under the act, namely, sex(female). (See 42 U.S.C §
2000e -2).

106.   Per Title VII Civil Rights Act of 1964 Plaintiff is entitled to work in
an environment free of sexual harassment and Defendants are required to provide
a work environment where no employees, former employees and applicants for
employment shall face reprisal for engaging in protected activity.

107.   Defendant JUSTUS Enterprise is a former employer within the
meaning of Title VII (42 U.S.C. § 2000 e-1((a)).

108.   Defendants JUSTUS and C. JUSTUS were Plaintiff direct
supervisor employed by Defendant, JUSTUS Enterprises and were acting in the
scope and course of their employment.

109.   Defendants JUSTUS and C. JUSTUS sexually harassed plaintiff
based on her Gender in violation of Title VII, which caused a hostile
environment based on sexual harassment.

110.   Plaintiff, was subjected to ongoing Sexual Harassment and
harassment from her Supervisors, JUSTUS and C. JUSTUS such as: sexually
suggestive text messages, communicating offensive sexual innuendos and
comments about plaintiff's body, as well as engaging in inappropriate sexual
groping of Plaintiff's back, breasts and waist and on several occasions slapping
Plaintiff on her buttocks and suggesting that Plaintiff engage in a threesome, all
of which contributed to a hostile work environment.

111.   Shortly after Plaintiff engaged in protected activity, Defendants
informed Plaintiff that she was being demoted and her pay was significantly
reduced.

112.   At all times herein, Plaintiff's job performance and reviews
exceeded performance standards and similarly situated co-workers were treated
differently because of gender.

113.   As a direct and proximate result of the discrimination based on her

CZ CARPENTER & ZUCKERMAN

1   gender, Plaintiff has been damaged, including severe emotional distress,

2   substantial economic losses, employee benefits and attorneys' fees in amount to

3   be proven at trial.

4      114.   The acts alleged were done intentionally with a wanton disregard for

5   the safety and well-being of the plaintiff, warranting an award of punitive

6   damages.

### THIRD CAUSE OF ACTION

#### RETALIATION IN VIOLATION OF 42 U.S.C. § 2000E

#### (By Plaintiff Against All Defendants)

10     115.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

11   1-114 as though fully set forth herein.

12     116.   Plaintiff is a former employee within the meaning of Title VII and

13   belongs to a Class protected under the act, namely, sex(female). (See 42 U.S.C §

14   2000e -2).

15     117.   Per Title VII Civil Rights Act of 1964 Plaintiff is entitled to work in

16   an environment free of sexual harassment and Defendants are required to provide

17   a work environment where no employees, former employees and applicants for

18   employment shall face reprisal for engaging in protected activity.

19     118.   Defendant JUSTUS Enterprise is a former employer within the

20   meaning of Title VII (42 U.S.C. § 2000 e-1((a)).

21     119.   Defendants JUSTUS and C. JUSTUS were Plaintiff direct

22   supervisor employed by Defendant, JUSTUS Enterprises and were acting in the

23   scope and course of their employment.

24     120.   Defendants JUSTUS and C. JUSTUS sexually harassed plaintiff

25   based on her Gender in violation of Title VII, which caused a hostile

26   environment based on sexual harassment.

27     121.   Plaintiff, was subjected to ongoing Sexual Harassment and

28   harassment from her Supervisors, JUSTUS and C. JUSTUS such as: sexually

CARPENTER & ZUCKERMAN

CZ

1   suggestive text messages, communicating offensive sexual innuendos and

2   comments about plaintiff's body, as well as engaging in inappropriate sexual

3   groping of Plaintiff's back, breasts and waist and on several occasions slapping

4   Plaintiff on her buttocks and suggesting that Plaintiff engage in a threesome, all

5   of which contributed to a hostile work environment.

6      122.   Shortly after Plaintiff engaged in protected activity, Defendants

7   informed Plaintiff that she was being demoted and her pay was significantly

8   reduced and ultimately wrongfully terminated Plaintiff's employment in

9   retaliation for engaging in protected activity.

10      123.   At all times herein, Plaintiff's job performance and reviews

11   exceeded performance standards and similarly situated co-workers were treated

12   differently because of gender.

13      124.   As a direct and proximate result of the discrimination based on her

14   gender, Plaintiff has been damaged, including severe emotional distress,

15   substantial economic losses, employee benefits and attorneys' fees in amount to

16   be proven at trial.

17      125.   The acts alleged were done intentionally with a wanton disregard for

18   the safety and well-being of the plaintiff, warranting an award of punitive

19   damages.

20                  **FOURTH CAUSE OF ACTION**

21         **WRONGFUL TERMINATION IN VIOLATION OF 42 U.S.C. § 2000E**

22         **(By Plaintiff Against Defendant Justus Enterprises, Inc.)**

23      126.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

24   1-125 as though fully set forth herein.

25      127.   Plaintiff is a former employee within the meaning of Title VII and

26   belongs to a Class protected under the act, namely, sex(female). (See 42 U.S.C **§**

27   2000e -2).

28      128.   Per Title VII Civil Rights Act of 1964 Plaintiff is entitled to work in

an environment free of sexual harassment and Defendants are required to provide a work environment where no employees, former employees and applicants for employment shall face reprisal for engaging in protected activity.

129.   Defendant JUSTUS Enterprise is a former employer within the meaning of Title VII (42 U.S.C. § 2000 e-1((a)).

130.   Defendants JUSTUS and C. JUSTUS were Plaintiff direct supervisor employed by Defendant, JUSTUS Enterprises and were acting in the scope and course of their employment.

131.   Defendants JUSTUS enterprise, did not conduct an investigation into Plaintiff's complaint of sexual harassment after Plaintiff complained to Defendant's Chief Information Officer, since Defendants did not have Human Resource Department.

132.   Defendant JUSTUS Enterprise ratified JUSTUS and C. JUSTUS conduct and did nothing to reprimand Defendant JUSTUS or C. JUSTUS.

133.   Shortly after Plaintiff engaged in protected activity, Defendants informed Plaintiff that she was being demoted and her pay was significantly reduced and ultimately wrongfully terminated Plaintiff's employment in retaliation for engaging in protected activity.

134.   At all times herein, Plaintiff's job performance and reviews exceeded performance standards and similarly situated co-workers were treated differently because of gender.

135.   As a direct and proximate result of the discrimination based on her gender, Plaintiff has been damaged, including severe emotional distress, substantial economic losses, employee benefits and attorneys' fees in amount to be proven at trial.

136.   The acts alleged were done intentionally with a wanton disregard for the safety and well-being of the plaintiff, warranting an award of punitive damages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIFTH CAUSE OF ACTION**

**SEXUAL HARASSMENT IN VIOLATION OF FEHA,**

**CAL. GOV'T. *CODE* §§ 12940, *ET SEQ.***

**(Against All Defendants)**

137.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-136 as though fully set forth herein.

138.   Within the time provided by law, Plaintiff filed a charge with EEOC and DFEH, in full compliance with these sections, received right to sue letters, and commenced this action in timely manner.

139.   At all times herein mentioned, *Cal. Gov't. Code* §§ 12940, *et seq,* were in full force and effect and were binding on Defendants. These require Defendants, among other things, to refrain from discriminating against or harassing any employees on the basis of sex, and correct sexual harassment.

140.   The acts of Defendants, and each of them, as described more fully above, constitute a pattern and continuous course of harassment on the basis of gender in violation of *Cal. Gov't. Code* §12940(j)(l), in that they are severe and/or pervasive and were unwelcome.

141.   The sexual harassment of the Plaintiff by Defendants created an oppressive, hostile, intimidating and/or offensive work environment for Plaintiff and interfered with her emotional and physical well-being, and her ability to perform her duties.  The sexual harassment was sufficiently severe or pervasive as to materially alter Plaintiff's conditions of employment, and to create an abusive working environment.

142.   As a direct and proximate result of the sexual harassment of Plaintiff described above, Plaintiff has suffered, and will continue to suffer, special damages including, but not limited to, lost earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven

1     at the time of trial.

2         143.   As a direct and proximate result of the unlawful conduct of

3     Defendants and each of them, Plaintiff has suffered general damages including

4     but not limited to shock, embarrassment, humiliation, mental anguish, emotional

5     and physical distress, stress and other damages to be proven at the time of trial.

6         144.   Defendant JUSTUS and C. JUSTUS committed the acts herein

7     alleged maliciously, fraudulently and oppressively with the wrongful intention of

8     injuring Plaintiff, from an improper and evil motive amounting to malice, and in

9     conscious disregard of the rights of the Plaintiff. Plaintiff is informed and believes

10    that Defendants knew of the probable injurious consequences of Defendant

11    JUSTUS and C. JUSTUS continued employment (harassment of female

12    employees), but deliberately failed to avoid these consequences by deliberately

13    choosing to continue his employment and by deliberately failing to restrain them,

14    despite ample notice, from engaging in unlawful, discriminatory sexual

15    harassment.  Such conduct was also authorized and/or ratified by an owner,

16    officer, director or managing agent of Defendants.  As a result of Defendants'

17    willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks

18    an award of punitive and exemplary damages in an amount according to proof.

19        145.   As a direct cause of the acts alleged above, Plaintiff has had to hire

20    the services of an attorney.  Plaintiff has incurred, and continues to incur, legal

21    expenses and attorneys' fees, and is entitled to an award of attorneys' fees and

22    costs pursuant to *Cal. Gov't. Code* § l2965(b).

23        146.   Plaintiff is presently unaware of the precise amount of these

24    expenses and fees and prays for leave of court to amend this complaint when the

25    amounts are more fully known.

26    ///

27    ///

28    ///

### SIXTH CAUSE OF ACTION

**FAILURE TO PROVIDE TAKE ALL REASONABLE STEPS TO PREVENT AND CORRECT UNLAWFUL DISCRIMINATION, HARASSMENT AND RETALIATION (CAL. *GOV'T CODE* § 12940(J) AND (K))**

**(Against All Defendants)**

147.    Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-81 as though fully set forth herein.

148.    Plaintiff is informed and believe and thereupon allege that all Defendants knew or reasonably should have known that Defendant JUSTUS and C. JUSTUS had a propensity for engaging in unlawful, harassing, and discriminatory conduct in the workplace and that JUSTUS and C. JUSTUS should not have been employed with Defendants and/or they should have been restricted from interacting with female employees.  Each and every Defendant should have restrained them from engaging in unlawful, harassing conduct and should have provided training and instruction to JUSTUS and C. JUSTUS on the laws pertaining to harassment and discrimination.

149.    At all times herein mentioned, Government Code Sections 12940(j) and (k) were in full force and effect and were binding on all Defendants.  These subsections require all Defendants to take all reasonable steps necessary to prevent harassment and retaliation from occurring.  As alleged above, Defendants violated these subsections by failing to take all reasonable steps necessary to prevent harassment and retaliation from occurring.

150.    Plaintiff is informed and believes, and thereupon alleges, that Defendants failed to provide adequate training to its supervisors, managers, and other employees.

151.    As a direct and proximate result of the sexual harassment of Plaintiff described above, Plaintiff has suffered, and will continue to suffer, special damages including, but not limited to, lost earnings, bonuses, deferred

1   compensation, employment benefits, earning capacity, opportunities for

2   employment advancement and work experience, and other damages to be proven

3   at the time of trial.

4       152.   As a direct and proximate result of the unlawful conduct of

5   Defendants and each of them, Plaintiff has suffered general damages including

6   but not limited to shock, embarrassment, humiliation, mental anguish, emotional

7   and physical distress, stress and other damages to be proven at the time of trial.

8       153.   Plaintiff is informed and believes, and thereon alleges that

9   Defendants and each of them committed the acts herein alleged maliciously,

10  fraudulently, and oppressively conscious disregard for Plaintiff's rights.  Plaintiff

11  is entitled to recover punitive damages from each in an amount according to

12  proof.

13      154.   As a direct cause of the acts alleged above, Plaintiff has had to hire

14  the services of an attorney.  Plaintiff has incurred and continue to incur legal

15  expenses and attorneys' fees and is entitled to an award of attorneys' fees and

16  costs pursuant to Government Code Section 12965(b).

17      155.   Plaintiff is presently unaware of the precise amount of these

18  expenses and fees and prays leave of court to amend this complaint when the

19  amounts are more fully known.

20  ## SEVENTH CAUSE OF ACTION

21  **RETALIATION IN VIOLATION OF CAL. *GOV'T CODE* § 12940(H).**

22  **(Against All Defendants)**

23      156.   Plaintiff hereby incorporates by reference and re-alleges paragraphs

24  1-155 as though fully set forth herein.

25      157.   Within the time provided by law, Plaintiff filed a charge with the

26  EEOC and  DFEH in full compliance with these sections, received right-to-sue

27  letters, and has commenced this action in a timely manner.

28      158.   At all times herein mentioned, Government Code Section l 2940(h)

was in full force and effect and was binding on Defendants.   This section provides that it is an unlawful practice for any employer or person to discharge, expel, or otherwise take adverse action against any person because the person has opposed any practices forbidden by the Fair Employment and Housing Act ("FEHA") or because the person has filed a complaint, testified or assisted in any proceeding.

159.   After rejecting the sexual advances of JUSTUS and C. JUSTUS, and due to Plaintiff reporting her allegations of sexual harassment against Defendant JUSTUS, Defendants retaliated against Plaintiff in the following ways: 1) failing to conduct an adequate and good faith investigation of Plaintiff complaints; 2) allowing Defendant JUSTUS to continue to harass Plaintiff; 3) attempting to demote and reduce Plaintiff's salary; and 4) terminating Plaintiff's employment.

160.   As a direct and proximate result of the unlawful conduct of Defendants and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

161.   As a direct and proximate result of the unlawful conduct of Defendants and  each of them, Plaintiff   has suffered general damages including but not limited to shock, embarrassment, humiliation, mental anguish, emotional and physical distress, stress, and other damages to be proven at the time of trial.

162.   Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified by an officer, director or managing agent of Defendants.  In light of Defendants' willful, knowing and intentional harassment, retaliation and discrimination against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

163.   As a direct cause of the acts alleged above, Plaintiff has had to hire the service of an attorney.  Plaintiff has incurred and continue to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code Section 12965(b).

164.   Plaintiff is presently unaware of the precise amount of these expenses and fees and pray leave of court to amend this complaint when the amounts are more fully known.

### EIGHTH CAUSE OF ACTION

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against All Defendants)**

165.   Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-164 as though fully set forth herein.

166.   At least some of the offensive acts by JUSTUS and C. JUSTUS were known by supervisors and/or managing agents of Defendants and were approved of and ratified by said supervisors and managing agents.

167.   Defendants' conduct alleged herein was intentional, outrageous, malicious, and committed for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and severe physical and emotional distress.

168.   As a direct and proximate result of Defendants' conduct as herein above alleged, Plaintiff suffered severe emotional distress, was injured in her strength, health, and activity, sustaining shock and injury to her nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to their damage in an amount in excess of the minimum subject matter jurisdiction of this court and according to proof.

169.   As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered and continues to suffer losses in earnings, bonuses, deferred compensation, employment benefits and earning capacity, opportunities for

1   employment advancement, embarrassment, humiliation, mental anguish and

2   distress, all to her damage in excess of the minimum subject matter jurisdiction of

3   the Court and according to proof.

4       170.   The acts of Defendants alleged above were done maliciously,

5   oppressively, and/or fraudulently.  Defendants had advanced knowledge of the

6   unfitness of Defendants JUSTUS and C. JUSTUS and employed the two of them

7   with conscious disregard of the rights or safety of Plaintiff and others.

8       171.   Accordingly, Plaintiff seeks an award of punitive and exemplary

9   damages in an amount according to proof.

10   ### NINTH CAUSE OF ACTION

11   #### ASSAULT

12   **(Against Keith Justus and Justus Enterprises, Inc.)**

13       172.   Plaintiff re-alleges and incorporates by reference paragraph 1

14   through 171 as though fully set herein.

15       173.   The foregoing conduct alleged constituted separate and distinct

16   assaults upon the Plaintiff.

17       174.   Defendant JUSTUS committed assaults upon Plaintiff.

18       175.   JUSTUS acted with intent to cause an imminent, unwelcome fear of

19   offensive contact with Plaintiff, and fear of imminent and unwelcome contact

20   resulted each time he touched or attempted to touch Plaintiff.

21       176.   Plaintiff apprehended and did not consent to these imminent

22   contacts.

23       177.   At least some of these offensive acts by JUSTUS were known by

24   supervisors and/or managing agents of Defendants and were approved of and

25   ratified by said supervisors and managing agents. Defendant JUSTUS

26   ENTERPRISES, INC. ratified his actions.

27       178.   Defendants' conduct alleged herein was intentional, outrageous, and

28   malicious and committed for the purpose of causing Plaintiff to suffer

humiliation, mental anguish, and severe physical and emotional distress.

179.   As direct and proximate result of Defendant's conduct as herein above alleged, Plaintiff was injured in her strength, health and activity, and sustained shock and injury to her nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish and suffering, all to her damages in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

180.   As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered and continues to suffer losses in earnings, bonuses, deferred compensation, employment benefits and earning capacity, opportunities for employment  advancement, embarrassment, humiliation, mental anguish and distress, all to her damage in excess of the minimum subject matter jurisdiction of this Court and according to proof.

181.   The acts of Defendants alleged above were done maliciously, oppressively and/or fraudulently. Defendants had advance knowledge of the unfitness of JUSTUS and employed him with conscious disregard of the rights or safety of Plaintiff and or other employees, or otherwise ratified their wrongful conduct. Defendant JUSTUS ENTERPRISES, INC. ratified his actions.

182.   Plaintiff is entitled to recover punitive damages against Defendants, and each of them.

## TENTH CAUSE OF ACTION

### BATTERY

### (Against Keith Justus and Justus Enterprises, Inc.)

183.   Plaintiff re-alleges and incorporates by reference paragraph 1 through 182 as though fully set forth herein.

184.   The foregoing conduct alleged constituted separate and distinct batteries upon the Plaintiff.

185.   Defendant JUSTUS committed battery upon Plaintiff.

186.   Defendant JUSTUS acted with an intent to cause a harmful or offensive contact with the body of the Plaintiff, and an offensive or harmful contact directly resulted each and every time the aforementioned employee touched the Plaintiff without her consent.

187.   At least some of the offensive contacts by JUSTUS were known by supervisors and/or managing agents of Defendants and were approved of and ratified by said supervisors and managing agents.

188.   As direct and proximate result of Defendants' conduct as herein above alleged, Plaintiff was injured in her strength, health and activity, and sustained shock and injury to her nervous system, all of which have caused and continue to cause Plaintiff great mental pain, embarrassment, humiliation, distress, anguish, and suffering, all to her damage in an amount in excess of the minimum subject matter jurisdiction of this Court and according to proof.

189.   As a direct and proximate cause of the conduct alleged herein, Plaintiff has suffered and continues to suffer losses in earnings, bonus, deferred compensation, employment benefits and earing capacity, opportunities for employment advancement, embarrassment, humiliation, mental anguish and distress, all to her damages in excess of the minimum subject matter jurisdiction of this Court and according to proof.

190.   The acts of Defendants alleged above were done maliciously, oppressively and/or fraudulently. Defendants had advance knowledge of the unfitness of JUSTUS and employed him with conscious disregard of the rights or safety of Plaintiff and other employees, or otherwise ratified their wrongful conduct.

191.   Plaintiff is entitled to recover punitive damages against Defendants and each of them.

///

///

## ELEVENTH CAUSE OF ACTION

### BATTERY

### (Against All Defendants)

192.   Plaintiff re-alleges and incorporates by reference paragraph 1 through 191 as though fully set forth herein.

193.   Cal. *Lab Code* § 226(a) mandates that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an **accurate** itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment." (Emphasis added.)

194.   Pursuant to Cal. *Lab. Code* § 226(e)(2)(B), "an employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items" identified above.

195.   Furthermore, Defendants did not regularly furnish wage statements that identified the inclusive dates for that wage statement, in violation of Cal. *Lab. Code* §§ 226, *et seq.* During all times relevant to this action, Plaintiff never received any wage statements with the required information set forth under Labor Code section 226 from Defendants, and suffered damages from not receiving wage statements.

196.   Plaintiff alleges that every pay period in which she should have been provided with a writing required by Labor Code Section 226, Defendants violated various provisions of section 226, including but not limited to, subdivisions (a)1, (a)2, (a)4, (a)5, (a)6, (a)7, (a)8 and (a)9 by failing to provide Plaintiff accurate itemized statements in writing showing (1) gross wages earned, (2) total hours worked by the employee (4) all deductions (5) net wages earned, (6) the inclusive dates of the period for which employee is paid, (7) the name of the employee (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

197.   For Defendants' misconduct as alleged herein, Plaintiff seeks damages, penalties, costs, and attorneys' fee pursuant to Labor Code Section 226 subdivision (e) in an amount to be proven at trial.

198.   For Defendants' misconduct as alleged herein, Plaintiffs seeks damages, injunctive relief and attorneys' fees and costs pursuant to section 226 subdivision (g).

///

///

## TWELFTH CAUSE OF ACTION

### UNFAIR COMPETITION IN VIOLATION OF

### CAL. *BUS. & PROF. CODE* §§ 17200, *ET SEQ.*

### (Against All Defendants)

199.   Plaintiff hereby incorporates by reference and paragraphs 1 through 198 as though fully set forth herein.

200.   Cal. *Bus. & Prof. Code* § 17200 defines "unfair competition" to include any unlawful business practice.

201.   Cal. *Bus. & Prof. Code* §17204 allows a person who has lost money or property as a result of unfair competition to bring an action for restitution of money or property acquired from him or her by means of unfair competition.

202.   The FLSA prohibits employers to divert any part of an employee's wages and overtime wages, including tips and gratuity, to itself.

203.   Defendants, and each of them, are "persons" as defined under Cal. *Bus. & Prof. Code* § 17021.

204.   Plaintiff is informed and believes that based thereon allege that Defendants committed the unfair business practices, as defined by Cal. *Bus. & Prof. Code* §, et seq., by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference and include, but are not limited to:

(a) Failing to provide Plaintiff with an itemized wage statement in violation of section 226 of the labor code,

(b) Failing to reimburse Plaintiff for expenditures incurred including payroll taxes and other items.

205.   Plaintiff is informed and based thereon alleges, that the practices described in above were unfair within the meaning of Cal. *Bus. & Prof. Code* § 17200 *et seq.*, because the acts were intentionally performed for the purpose of harming Plaintiff.

206.   Plaintiff is informed and believes, and based thereon allege, that the unlawful unfair and fraudulent business practices described above present a continuing threat to members of the public because it is believed that Defendants continues to operate in the illegal manner as alleged above.

207.   Further, such violations of the California labor laws present a threat to the general public in that the enforcement of the labor law is essential to ensure that all California employers compete equally, and that no California employer receives an unfair competitive advantage at the expense of its employees.

208.   As a result of the above-alleged misconduct, Plaintiff has been deprived of benefits and fringe benefits that California employees are entitled to and has suffered damages, in amount to be determined according to proof at trial.

209.   The unfair, fraudulent, and unlawful business practices of Defendants are likely to continue because Defendants appear to have a pattern and practice of committing the same type of misconduct as alleged herein; therefore, the imposition of a preliminary injunction is justified.

210.   As a direct and proximate result of the above-alleged misconduct, Plaintiff is entitled to and hereby seeks injunctive relief and restitution for, among other things, paycheck violations, reimbursement for expenses (unpaid payroll taxes) and disgorgement of profits in an amount to be proven at trial for the last four years for the date this Complaint was filed.

211.   As a direct and proximate result of the aforesaid acts and conduct of said Defendants, Plaintiff is entitled to and hereby seeks attorneys' fees and costs as permitted by law and as provided for by Cal. *Code of Civ. Proc.* § 1021.5.

///
///
///
///
///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For special damages according to proof as to call causes of action;

2. For general damages according to proof as to call causes of action where applicable;

3. For punitive damages according to proof as to call causes of action where applicable;

4. For restitution of unpaid monies;

5. For attorneys' fees;

6. For costs of suit incurred herein;

7. For statutory penalties;

8. For civil penalties;

9. For pre-judgment interest;

10. For post-judgement interest;

11. For injunctive and declaratory relief; and

12. For such other and further relief as the Court may deem just and proper.

Dated: December 24, 2021

**CARPENTER & ZUCKERMAN –
JOSEPH & NORINSBERG, LLC**

*/s/ John P. Kristensen*
John P. Kristensen
Bennita J. Josepeh
Jesenia A. Martinez

***Attorneys for Plaintiff***

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all such triable claims.

Dated: December 24, 2021

**CARPENTER & ZUCKERMAN –
JOSEPH & NORINSBERG, LLC**

*/s/ John P. Kristensen*

John P. Kristensen
Bennita J. Josepeh
Jesenia A. Martinez

***Attorneys for Plaintiff***

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4ᵗʰ Floor
Los Angeles, CA  90012
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Los Angeles Direct Dial:  (213) 785-3090
FAX (213) 894-1118
Website:  www.eeoc.gov

EEOC Charge Number:  488-2018-00191

Amanda Till                                        Charging Party
3015 North Flagler
West Palm Beach, FL 33407


Justus Enterprises, Inc. d/b/a                     Respondent
Business Complete Solutions
13750 Danielson Street
Poway, CA 92064


## LETTER OF DETERMINATION

I issue the following determination as to the merits of the charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000-e et. seq ("Title VII").  Timeliness and all requirements for coverage have been met.

The Charging Party alleges that she was subjected to unwelcome comments and conduct of a sexual nature and discharged in retaliation for having protested discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.  Charging Party further alleges that a class of individuals were discriminated against on the basis of their sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

The Respondent denies the allegations.

Examination of the evidence obtained in the Commission's investigation, including but not limited to, documents, testimony, and on-site inspection/interviews, supports a finding that there is reasonable cause to believe that Respondent subjected Charging Party to unwelcome comments and conduct of a sexual nature, and subjected Charging Party to discharge in retaliation for protesting sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

The Commission also finds reasonable cause to believe that a class of similarly situated individuals working in Respondent's 5445 Oceanus Drive, Suite 105, Huntington Beach, California location were also subjected to discrimination on the basis of their sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended from March 2017 to present.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in EEOC investigations is also prohibited.  These protections apply regardless of the EEOC's determination on the merits of the charge.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation (i.e., settlement).  Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.  If you wish to participate in conciliation, please email Investigator Lillian Patterson at lillian.patterson@eeoc.gov, within 10 calendar days from the date of this Letter of Determination.

When the Respondent declines to enter into conciliation discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the Commission, the Commission shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission.  The confidentiality provisions of the statute and Commission Regulations apply to information discussed or given during conciliation.

On Behalf of the Commission:

Patricia Kane          Digitally signed by Patricia Kane
                       Date: 2021.06.17 17:20:30 -07'00'

_____
Date

Rosa M. Viramontes, District Director
Los Angeles District Office

# EXHIBIT B

## LILLIAN PATTERSON

**From:** Amanda Till <till.amanda@yahoo.com>
**Sent:** Tuesday, December 26, 2017 11:07 AM
**To:** LILLIAN PATTERSON
**Subject:** Text







●●○○○ Verizon 📶    12:00 PM    ✈ ❋ 12% 🔋

kjustus@bccopy.com

Hey

Hi

Want to chat

Sure. Want to call me?

We could meet at my apartment

I won't have time before the event.... i have to be there by 4:30 and I still need to get ready. I have been planning this for a year.

Oh ok I forgot

Want to meet tomorrow ?

Might be best

Not rushed

It's a big event. Yes we can meet tomorrow. Let me know if you want to come to the event.

Ok

   iMessage 



Just got to work everything out all the details

What you doing this weekend by the way

> Great!! I really liked Mitch

> All my friends went to big bear but my car won't make it up there so I'm just hanging out solo.

> I told you I'm married to my career.

Wished we where up there we could party

Well I like that I can just be your husband and clara and be a wife lol

Your

Siri ugh

She loves you

We could have some fun

4sure

# EXHIBIT C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 488-2018-00191 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Miss Amanda D Till | **(949) 838-4201** | 1982 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2495 East Stephens Road,  Gilbert, AZ 85296 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **BUSINESS COMPLETE SOLUTIONS** | 15 - 100 | **(714) 892-2444** |

| Street Address | City, State and ZIP Code |
|---|---|
| 5445 Oceanus Drive, Suite 105,  Huntington Beach,  CA 92649 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|
| | | | | Earliest | Latest |
| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN | 02-01-2017 | 05-31-2017 |
| ☒ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | | | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.I began my employment with Business Complete Solutions in or about February 2017 as Vice President of Sales, and my last position with the company was as Vice President of Sales.  Beginning in or about February 2017, and continuing up to my discharge, I was subjected to unwelcome comments and conduct by my Supervisor, Keith Justus, President and Chief Executive Officer, which included but was not limited to:  sexually suggestive text messages; sexual innuendos; sexual comments about my body; sexual advances; inappropriate sexual groping of my back, breasts, waist and hips; and being slapped on my butt on two occasions.  In or about April 2017, Keith Justus slapped me on the butt for the second time, and when I protested, he threatened to demote me.  In or about April 2017, I complained to the Chief Information Officer, David Davis and, although I complained, I was continuously harassed by Keith Justus.  In or about May 2017, I complained to Keith Justus about being subjected to his unwelcome comments and conduct.  In or about May 2017, I was discharged.II.No reason was given to me as to why I was subjected to unwelcome comments and conduct.  The reason given to me for my discharge was that I was unhappy with Keith Justus sexual advances.III.I believe that I have been discriminated against due to my sex (Female), and in retaliation for complaining about discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended.IV.I believe that other individuals have been discriminated against due to their sex (Female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.  SIGNATURE OF COMPLAINANT |
| I declare under penalty of perjury that the above is true and correct. | |
| **Digitally signed by Amanda Till on 01-17-2018 05:38 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# EXHIBIT D

THIS COMPANY IS AN AT-WILL EMPLOYER. THIS MEANS THAT REGARDLESS OF ANY PROVISION IN THIS TEAM MEMBER HANDBOOK ADDENDUM, THE COMPANY OR I MAY TERMINATE THE EMPLOYMENT RELATIONSHIP AT ANY TIME, FOR ANY REASON, WITH OR WITHOUT CAUSE OR NOTICE. NOTHING IN THIS TEAM MEMBER HANDBOOK ADDENDUM OR IN ANY DOCUMENT OR STATEMENT, WRITTEN OR ORAL, SHALL LIMIT THE RIGHT TO TERMINATE EMPLOYMENT AT-WILL. NO OFFICER, TEAM MEMBER OR REPRESENTATIVE OF THE COMPANY IS AUTHORIZED TO ENTER INTO AN AGREEMENT— EXPRESS OR IMPLIED—WITH ME OR ANY TEAM MEMBER FOR EMPLOYMENT FOR A SPECIFIED PERIOD OF TIME. ANY AGREEMENT TO EMPLOYMENT FOR A SPECIFIED PERIOD OF TIME WILL BE PUT INTO WRITING AND SIGNED BY THE PRESIDENT OF THE COMPANY.

I understand that this Team Member Handbook Addendum refers to current benefit plans maintained by the company and that I must refer to the actual plan documents and summary plan descriptions as these documents are controlling.

I have read and understand the Vacation Policy in this Team Member Handbook Addendum.

Initials _____    Date _____

I also understand that if a written contract is inconsistent with the Team Member Handbook Addendum, the written contract is controlling.

01/17

If I have questions regarding the content or interpretation of this Team Member Handbook Addendum, I will ask my supervisor or a member of management.

NAME _____ Amanda Till _____

DATE _____ 4/17/17 _____

TEAM MEMBER
SIGNATURE _____